UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VALPAK DIRECT MARKETING
SYSTEMS, INC.**, a Delaware corporation,

    **Plaintiff,**

v.                                          **Case No.: 8:06-CV-924-T-30EAJ**

**DAVIDSON HOLDINGS, INC.**, a Missouri
corporation, **DANIEL E. DAVIDSON**, an
individual, and **HEIDI S. DAVIDSON**, an
individual,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Sanctions** (Dkt. 40), filed January 23, 2007. On February 13, 2007, this court ordered individual Defendants Daniel E. Davidson ("Daniel Davidson") and Heidi S. Davidson ("Heidi Davidson") to show cause within twenty days why their pleadings should not be stricken from the record and Plaintiff allowed to proceed to default judgment.[1] The court subsequently received a letter from Daniel Davidson on February 25, 2007 and dated January 19, 2007 (Dkt. 43). Daniel Davidson states that due to financial circumstances Defendants are unable to afford counsel or travel in connection with this case, but are willing to participate in the litigation to the best of their ability (Dkts. 36, 43).

Plaintiff asserts that Defendants have failed to comply with the court's order of December 11, 2006 directing Defendants to pay $225.00 as a sanction for failing to appear at properly noticed depositions, directing Defendants to give complete answers to Plaintiff's interrogatories, and

---

[1] On January 23, 2007, this court struck Defendant Davidson Holdings, Inc.'s pleadings from the record, allowing Plaintiff to proceed to default judgment against the corporation (Dkt. 39).

directing Defendants to organize and label their document production in accordance with the Federal Rules of Civil Procedure (Dkt. 31). Plaintiff further contends that Defendants again failed to appear for properly noticed depositions set for January 16 and 17, 2007, and that Defendants have made no attempt to cooperate with Plaintiff's discovery efforts. In his letters to the court, Daniel Davidson does not dispute Defendants' failure to comply but simply cites Defendants' lack of counsel and financial resources as a reason (Dkts. 36, 43).

On March 15, 2007, this court ordered Daniel Davidson and Heidi Davidson to appear in person to show cause why Plaintiff's motion for sanctions should not be granted and Defendants' pleadings stricken (Dkt. 44). This court held a show cause hearing on April 6, 2007, where Defendants failed to appear.

Although Defendants are proceeding without counsel, pro se parties are still required to comply with the Federal Rules of Civil Procedure and with this court's orders. (Dkt. 31); see Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989). Defendants have failed to do so on multiple occasions and lesser sanctions, such as an award of monetary sanctions, have been inadequate to address Defendants' failure to comply. Further, this court has given Defendants several opportunities to comply or show cause why they are unable to comply.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Plaintiff's motion for sanctions (Dkt. 40) be **GRANTED**; and

(2)     Defendants' pleadings be stricken from the record and Plaintiff allowed to proceed to default judgment against them.

**Dated: April 9, 2007.**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies to:
Defendants
District Judge